UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
STEPHEN REICH, in his fiduciary capacity as
a Trustee for the LABORERS LOCAL 754
WELFARE FUND, PENSION FUND,
SAVINGS FUND, ANNUITY FUND,
INDUSTRY ADVANCEMENT FUND,
NY HEALTH AND SAFETY FUND OF
NORTH AMERICA, NYS LECET FUND,
NYSLPA FUND, LABORERS' TRAINING
FUND, 754 LABOR MANAGEMENT
COMMITTEE, AND 754/CONTRACTORS
ORGANIZING & DEVELOPMENT FUND; and
STEPHEN REICH as the Business Manager of the
LABORERS LOCAL UNION 754,

                      Plaintiffs,

     - against -

CASABELLA CONTRACTING OF NY, INC.;
CASABELLA LANDSCAPING, INC.; DOE
GENERAL CONTRACTOR; and HUDSON
INSURANCE COMPANY a/k/a HUDSON
INSURANCE GROUP,

                   Defendants.
--------------------------------------------------------X

**ANSWER**

Docket No.: 21-cv-9327-KMK-AEK

      **HUDSON INSURANCE COMPANY,** s/h/a "HUDSON INSURANCE COMPANY a/k/a HUDSON INSURANCE GROUP" ("Hudson"), as and for its Answer to the Second Amended Complaint, alleges as follows:

      1.      Hudson neither admits nor denies the allegations contained in paragraph 1 and begs leave to refer all questions of law to the Court.

      2.      Hudson neither admits nor denies the allegations contained in paragraph 2  and begs leave to refer all questions of law to the Court.

3.      Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and begs leave to refer all questions of law to the Court.

4.      Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and begs leave to refer all questions of law to the Court.

5.      Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and begs leave to refer all questions of law to the Court.

6.      Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7.      Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and begs leave to refer all questions of law to the Court.

8.      Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and begs leave to refer all questions of law to the Court.

9.      Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10.      Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and begs leave to refer all questions of law to the Court.

**CHIESA SHAHINIAN & GIANTOMASI PC** ▪ 11 Times Square, 34th Floor ▪ New York, New York  10036 ▪ (212) 973-0572

11.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and begs leave to refer all questions of law to the Court.

12.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and begs leave to refer all questions of law to the Court.

14.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and begs leave to refer all questions of law to the Court.

15.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16.     Hudson denies the allegations contained in paragraph 16 except that it admits that it is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business at 100 William Street, New York, New York, and is authorized to transact business as a surety and insurer in the State of New York.

17.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

3

20.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

**CHIESA SHAHINIAN & GIANTOMASI PC** ▪ 11 Times Square, 34th Floor ▪ New York, New York 10036 ▪ (212) 973-0572

31.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

36.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

CHIESA SHAHINIAN & GIANTOMASI PC • 11 Times Square, 34th Floor • New York, New York 10036 • (212) 973-0572

42.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

43.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

46.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 except it admits, upon information and belief, that Casabella Contracting of NY, Inc., entered into a contract with the Town of Mount Pleasant for a construction project known as "Contract No. 2019-01 Phase IX – Water Main Extension", and begs leave to refer to that contract for its terms and conditions.

48.     Hudson denies the allegations contained in paragraph 48 except it admits that, as surety, it executed Payment Bond No. HA-10-275-0127 ("the Mount Pleasant Bond") on behalf of Casabella Contracting of NY, Inc., as principal, in connection with Casabella's contract with the Town of Mount Pleasant for a construction project known as "Contract No. 2019-01 Phase IX – Water Main Extension", in the penal sum of $2,396,675.00, and begs leave to refer to the Mount Pleasant Bond for its terms and conditions.

49.     Hudson neither admits nor denies the allegations contained in paragraph 49 and begs leave to refer to the Mount Pleasant Bond for its terms and conditions.

6

50.     Hudson neither admits nor denies the allegations contained in paragraph 50 and begs leave to refer to the Mount Pleasant Bond for its terms and conditions.

51.     Hudson neither admits nor denies the allegations contained in paragraph 51 and begs leave to refer to the Mount Pleasant Bond for its terms and conditions.

52.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

53.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

54.     Hudson denies the allegations contained in paragraph 54, begs leave to refer to the Mount Pleasant Bond for its terms and conditions, and begs leave to refer all questions of law to the Court.

55.     Hudson denies the allegations contained in paragraph 55 except it admits that Casabella Contracting of NY, Inc., among others, executed a "General Indemnity Agreement" ("GIA") in favor of Hudson, begs leave to refer to the Mount Pleasant Bond for its terms and conditions, begs leave to refer to the GIA for its terms and conditions, and begs leave to refer all questions of law to the Court.

56.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 except it admits, upon information and belief, that Casabella Contracting of NY, Inc., entered into a contract with the Warwick Fire District – Station No. 3 for a construction project known as "Demo Existing Fire Station and Build a New Fire Station", and begs leave to refer to that contract for its terms and conditions.

57.     Hudson denies the allegations contained in paragraph 57 except it admits that, as surety, it executed Payment Bond No. HA-10-275-0189 ("the Warwick Bond") on behalf of

7

Casabella Contracting of NY, Inc., as principal, in connection with Casabella's contract with the Warwick Fire District – Station No. 3 for a construction project known as "Demo Existing Fire Station and Build a New Fire Station", in the penal sum of $2,687,888.00, and begs leave to refer to the Warwick Bond for its terms and conditions.

58.     Hudson neither admits nor denies the allegations contained in paragraph 58 and begs leave to refer to the Warwick Bond for its terms and conditions.

59.     Hudson neither admits nor denies the allegations contained in paragraph 59 and begs leave to refer to the Warwick Bond for its terms and conditions.

60.     Hudson neither admits nor denies the allegations contained in paragraph 60 and begs leave to refer to the Warwick Bond for its terms and conditions.

61.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 61.

62.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 62.

63.     Hudson denies the allegations contained in paragraph 63, begs leave to refer to the Warwick Bond for its terms and conditions, and begs leave to refer all questions of law to the Court.

64.     Hudson denies the allegations contained in paragraph 64 except it admits that Casabella Contracting of NY, Inc., executed the GIA, begs leave to refer to the Warwick Bond for its terms and conditions, begs leave to refer to the GIA for its terms and conditions, and begs leave to refer all questions of law to the Court.

65.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 except it admits, upon information and belief,

8

that Casabella Contracting of NY, Inc., entered into a contract with J&N Construction Group Corp. for a construction project known as "Lehman College Fuel Oil Tank Room and Plaza Replacement, Demo, Remove Tank, Rebuild Courtyard/Tank Room", and begs leave to refer to that contract for its terms and conditions.

66.      Hudson denies the allegations contained in paragraph 66 except it admits that, as surety, it executed Payment Bond No. HA-10-275-00077 ("the Lehman College Bond") on behalf of Casabella Contracting of NY, Inc., as principal, in connection with Casabella's contract with J&N Construction Group Corp. for a construction project known as "Lehman College Fuel Oil Tank Room and Plaza Replacement, Demo, Remove Tank, Rebuild Courtyard/Tank Room", in the penal sum of $2,800,000.00, and begs leave to refer to the Lehman College Bond for its terms and conditions.

67.      Hudson neither admits nor denies the allegations contained in paragraph 67 and begs leave to refer to the Lehman College Bond for its terms and conditions.

68.      Hudson neither admits nor denies the allegations contained in paragraph 68 and begs leave to refer to the Lehman College Bond for its terms and conditions.

69.      Hudson neither admits nor denies the allegations contained in paragraph 69 and begs leave to refer to the Lehman College Bond for its terms and conditions.

70.      Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 70.

71.      Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 71.

72.      Hudson denies the allegations contained in paragraph 72 and begs leave to refer all questions of law to the Court.

9

73.     Hudson denies the allegations contained in paragraph 73 except it admits that Casabella Contracting of NY, Inc., executed the GIA, begs leave to refer to the Lehman College Bond for its terms and conditions, begs leave to refer to the GIA for its terms and conditions, and begs leave to refer all questions of law to the Court.

74.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 74.

75.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 75.

76.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 76.

77.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 77.

78.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 78.

79.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 79.

80.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 80.

81.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 81.

82.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 82.

**CHIESA SHAHINIAN & GIANTOMASI PC** • 11 Times Square, 34th Floor • New York, New York  10036 • (212) 973-0572

83.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 83.

84.     Upon information and belief, Hudson admits the allegations contained in paragraph 84.

85.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 85.

86.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 86.

87.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 87.

88.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 88.

89.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 89.

90.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 90.

91.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 91.

92.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 92.

93.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 93.

**CHIESA SHAHINIAN & GIANTOMASI PC** ▪ 11 Times Square, 34th Floor ▪ New York, New York  10036 ▪ (212) 973-0572

94.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 94.

95.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 95.

96.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 96.

97.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 97.

98.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 98.

99.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 99.

100.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 100.

101.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 101.

102.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 102.

103.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 103.

104.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 104.

12

105.     Hudson denies the allegations contained in paragraph 105 except admits that it exchanged certain correspondence with Plaintiffs and begs leave to refer thereto for its contents.

106.     Hudson denies the allegations contained in paragraph 106 except admits that it exchanged certain correspondence with Plaintiffs and begs leave to refer thereto for its contents.

107.     Hudson denies the allegations contained in paragraph 107 except admits that it exchanged certain correspondence with Plaintiffs and begs leave to refer thereto for its contents.

108.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 108.

109.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 109.

110.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 110.

111.     Hudson denies the allegations contained in paragraph 111 except admits that it exchanged certain correspondence with Plaintiffs and begs leave to refer thereto for its contents.

112.     Hudson denies the allegations contained in paragraph 112 except admits that it exchanged certain correspondence with Plaintiffs and begs leave to refer thereto for its contents.

113.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 113.

114.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 114.

115.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 115.

**CHIESA SHAHINIAN & GIANTOMASI PC** ▪ 11 Times Square, 34th Floor ▪ New York, New York  10036 ▪ (212) 973-0572

116.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 116.

117.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 117.

118.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 118.

119.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 119.

120.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 120.

121.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 121.

122.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 122.

123.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 123.

124.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 124.

125.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 125.

126.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 126.

14

127.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 127.

128.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 128.

129.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 129.

130.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 130.

131.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 131.

132.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 132.

133.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 133.

134.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 134.

135.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 135.

136.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 136.

137.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 137.

CHIESA SHAHINIAN & GIANTOMASI PC ▪ 11 Times Square, 34th Floor ▪ New York, New York  10036 ▪ (212) 973-0572

138.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 138.

139.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 139.

140.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 140.

141.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 141.

142.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 142.

143.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 143.

144.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 144.

145.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 145.

146.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 146.

147.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 147.

148.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 148.

**CHIESA SHAHINIAN & GIANTOMASI PC** • 11 Times Square, 34th Floor • New York, New York  10036 • (212) 973-0572

149.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 149.

**ANSWERING THE "PLAINTIFFS FUNDS AND LOCAL 754'S FIRST JOINT CLAIM FOR RELIEF AGAINST CASABELLA CONTRACTING AND CASABELLA LANDSCAPING"**

150.     In response to paragraph 150, Hudson repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

151.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 151.

152.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 152.

**ANSWERING THE "PLAINTIFF FUNDS' FIRST CLAIM FOR RELIEF AGAINST CASABELLA CONTRACTING AND CASABELLA LANDSCAPING"**

153.     In response to paragraph 153, Hudson repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

154.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 154.

155.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 155.

**ANSWERING THE "PLAINTIFF FUNDS' SECOND CLAIM FOR RELIEF AGAINST CASABELLA CONTRACTING AND CASABELLA LANDSCAPING"**

156.     In response to paragraph 156, Hudson repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

157.     Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 157.

CHIESA SHAHINIAN & GIANTOMASI PC • 11 Times Square, 34th Floor • New York, New York 10036 • (212) 973-0572

158.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 158.

**ANSWERING THE "PLAINTIFF LOCAL 754'S FIRST CLAIM FOR RELIEF AGAINST CASABELLA CONTRACTING AND CASABELLA LANDSCAPING"**

159.    In response to paragraph 159, Hudson repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

160.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 160.

161.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 161.

**ANSWERING THE "PLAINTIFF FUNDS' AND LOCAL 754'S SECOND JOINT CLAIM FOR RELIEF AGAINST CASABELLA CONTRACTING AND CASABELLA LANDSCAPING"**

162.    In response to paragraph 162, Hudson repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

163.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 163.

164.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 164 and begs leave to refer all questions of law to the Court.

**ANSWERING THE "PLAINTIFF FUNDS' AND LOCAL 754'S FIRST JOINT SUPPLEMENTAL CLAIM FOR RELIEF AGAINST DOE GENERAL CONTRACTOR"**

165.    In response to paragraph 165, Hudson repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

166.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 166.

167.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 167.

168.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 168.

169.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 169.

170.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 170.

171.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 171.

**ANSWERING THE "PLAINTIFF FUNDS' AND LOCAL 754'S
FIRST JOINT SUPPLEMENTAL CLAIM FOR RELIEF
<u>AGAINST DEFENDANT HUDSON FOR THE WATER MAIN PROJECT"</u>**

172.    In response to paragraph 172, Hudson repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

173.    Hudson neither admits nor denies the allegations contained in paragraph 173 and begs leave to refer all questions of law to the Court.

174.    Hudson denies the allegations contained in paragraph 174, begs leave to refer to the Mount Pleasant Bond for its terms and conditions, and begs leave to refer all questions of law to the Court.

175.    Hudson denies the allegations contained in paragraph 175.

19

**ANSWERING "PLAINTIFFS FUNDS' AND LOCAL 754'S**
**FIRST JOINT SUPPLEMENTAL CLAIM FOR RELIEF**
**AGAINST DEFENDANT HUDSON FOR THE FIRE STATION PROJECT"**

176.    In response to paragraph 176, Hudson repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

177.    Hudson neither admits nor denies the allegations contained in paragraph 177 and begs leave to refer all questions of law to the Court.

178.    Hudson denies the allegations contained in paragraph 178, begs leave to refer to the Warwick Bond for its terms and conditions, and begs leave to refer all questions of law to the Court.

179.    Hudson denies the allegations contained in paragraph 179.

**ANSWERING "PLAINTIFFS FUNDS' AND LOCAL 754'S**
**FIRST JOINT SUPPLEMENTAL CLAIM FOR RELIEF**
**AGAINST DEFENDANT HUDSON FOR THE LEHMAN COLLEGE PROJECT"**

180.    In response to paragraph 180, Hudson repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

181.    Hudson neither admits nor denies the allegations contained in paragraph 181 and begs leave to refer all questions of law to the Court.

182.    Hudson denies the allegations contained in paragraph 182, begs leave to refer to the Warwick Bond for its terms and conditions, and begs leave to refer all questions of law to the Court.

183.    Hudson denies the allegations contained in paragraph 183.

20

**ANSWERING "PLAINTIFFS FUNDS' AND LOCAL 754'S
FIRST JOINT SUPPLEMENTAL CLAIM FOR RELIEF
<u>AGAINST DEFENDANT DOE SURETY"</u>**

184.    In response to paragraph 184, Hudson repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

185.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 185.

186.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 186.

187.    Hudson denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 187.

## <u>First Affirmative Defense</u>

The Second Amended Complaint fails to state a claim against Hudson upon which relief can be granted.

## <u>Second Affirmative Defense</u>

Plaintiffs' claims against Hudson must be dismissed to the extent that they are barred by expiration of the applicable limitations period.

## <u>Third Affirmative Defense</u>

Hudson, as surety, adopts each and every defense that its principal, Casabella Contracting of NY, Inc., may have to Plaintiffs' claims.

## <u>Fourth Affirmative Defense</u>

Plaintiffs' claims against Hudson are barred to the extent that they seek to recover amounts that are not covered by the relevant bond.

**CHIESA SHAHINIAN & GIANTOMASI PC** • 11 Times Square, 34ᵗʰ Floor • New York, New York  10036 • (212) 973-0572

## Fifth Affirmative Defense

Any liability that Hudson may have to Plaintiffs under any of its payment bonds is limited to the penal sum of the relevant bond less payments previously made thereunder.

## Sixth Affirmative Defense

Any liability that Hudson may have to Plaintiffs under any of its payment bonds cannot exceed the liability of the bond's principal, Casabella Contracting of NY, Inc., to Plaintiffs relative to the corresponding project.

**WHEREFORE,** Hudson demands judgment dismissing the Second Amended Complaint and awarding it attorneys' fees, costs, disbursements, and such other and further relief as the Court deems just and proper.

Dated: May 12, 2022

**CHIESA SHAHINIAN & GIANTOMASI PC**
Attorneys for Defendant
*Hudson Insurance Company*


By: _____ */s Adam P. Friedman* _____
            Adam P. Friedman

11 Times Square, 34th Floor
New York, New York  10036
(212) 973-0572

22