UNITED STATES DISTRICT COURT for the
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| STEPHEN REICH, in his fiduciary capacity as a Trustee for the LABORERS LOCAL 754 WELFARE FUND, PENSION FUND, SAVINGS FUND, ANNUITY FUND, INDUSTRY ADVANCEMENT FUND, NY HEALTH AND SAFETY FUND OF NORTH AMERICA, NYS LECET FUND, NYSLPA FUND, LABORERS' TRAINING FUND, 754 LABOR MANAGEMENT COMMITTEE, and 754/CONTRACTORS ORGANIZING & DEVELOPMENT FUND; and STEPHEN REICH as the Business Manager of the LABORERS LOCAL UNION 754, | 21-CV-9327 (Karas, J.) (Krause, M.J.) |
| Plaintiffs, | |
| - against - | |
| CASABELLA LANDSCAPING, INC., | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR TURNOVER ORDER**

Katherine M. Morgan
HOLM & O'HARA LLP
3 West 35th Street, 9th Floor
New York, New York 10001
(212) 682-2280
*Attorneys for Plaintiffs*

**Table of Contents**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................... 2

ARGUMENT .................................................................................................................................. 3

    I.    PLAINTIFFS ARE PERMITTED TO SEEK A TURNOVER ORDER AGAINST GARNISHEE ORANGE BANK VIA MOTION BECAUSE THIS COURT HAS PERSONAL JURISDICTION OVER ORANGE BANK ............................................... 6

    II.   THIS COURT SHOULD ISSUE A TURNOVER ORDER COMPELLING ORANGE BANK TO RELEASE THE FUNDS TO PLAINTIFFS BECAUSE CASABELLA LANDSCAPING, AS THE JUDGMENT DEBTOR, HAS AN INTEREST IN, AND IS ENTITLED TO THE POSSESSION OF SUCH FUNDS .... 7

        A.   The Judgment Debtor, Casabella Landscaping, has an Interest in the Funds ..... 7

        B.   The Judgment Debtor is Entitled to Possession of the Funds ................................ 8

        C.   In the Alternative, if Casabella Landscaping is not Entitled to the Possession of the Funds, Plaintiffs' Rights to the Funds, as Judgment Creditor, are Superior to the Rights of Garnishee Orange Bank and Defendant Casabella Landscaping . 10

CONCLUSION............................................................................................................................ 12

# Table of Authorities

**Cases**

Advanced Video Techs. LLC v. HTC Corp., No. 11 Civ. 06604 (CM), 2019 U.S. Dist. LEXIS 138394 (S.D.N.Y. Aug 12, 2019) ................................................................................................ 6

Alliance Bond Fund, Inc. v. Grupo Mexicano de Desarrollo, S.A., 190 F.3d 16, (2d Cir. 1999) . 4

Axginc Corp. Formerly Known as Axis Grp. V. Plaza Automall, Ltd., 2022 U.S. Dist. LEXIS 90477 at *24 (E.D.N.Y. Feb. 20, 2022), adopted sub nom, Axginc Corp. v. Plaza Automall, Ltd., 2022 U.S. Dist. LEXIS 90431 (E.D.N.Y. May 19, 2022) ................................................... 7

Axginc Corp. v. Plaza Automall Ltd., 2021 U.S. Dist. LEXIS 51498, 2021 WL 1030228, at *7 (E.D.N.Y. Mar. 2, 2021), adopted, 2021 U.S. Dist. LEXIS 50744, 2021 WL 1026497 (E.D.N.Y. Mar. 17, 2021) ...................................................................................................... 5

Beauvais v. Allegiance Secur., Inc., 942 F.2d 838, 840 (2d Cir. 1991) ............................... 7, 9, 10

Brown v. Lockheed Martin Corp., 814 F.3d 619, 622 n.1 (2d Cir. 2016) ....................................... 6

Commodities & Minerals Enter. v. CVG Ferrominera Orinoco, C.A., 423 F. Supp. 3d 45, 51 (S.D.N.Y. 2019) ......................................................................................................................... 8

CSX Transp., Inc. v. Island Rail Terminal, Inc., 879 F.3d 462, 469 (2d Cir. 2018) ...................... 5

D.C.A. Grantor Tr. v. Republic of Argentina, 616 F. App'x 30, 32 (2d Cir. 2015) ....................... 8

Deflora Lake Dev. Assocs. v. Hyde Park, 2016 U.S. Dist. LEXIS 193862, 2016 WL 7839191 (S.D.N.Y. June 19, 2016) ......................................................................................................... 4

Dussault v. Republic of Argentina, 616 F. App'x 26, 27-28 (2d Cir. 2015) ............................ 9, 10

Fabric Selection v. A & T Trading US, Inc., No. 20-mc-864, 2021 U.S. Dist. LEXIS 23939 (E.D.N.Y. Feb. 5, 2021), adopted, 2021 U.S. Dist. LEXIS 40359 (E.D.N.Y. Mar. 3, 2021) 9, 10

Gill v. Am. Elite Recovery, LLC, No. 1:19-cv-01058, 2022 U.S. Dist. LEXIS 5696 (W.D.N.Y. Jan. 10, 2022) ......................................................................................................................... 11

Gonzalez v. City of New York, 127 A.D.3d 632, 8 N.Y.S.3d 290, 291 (1st Dep't 2015) ............. 5

HBE Leasing Corp. v. Frank, 48 F.3d 623, 633 (2d Cir. 1995) ................................................. 4, 5

In re Suntech Power Holdings Co., Ltd., 520 B.R. 399, 411 (Bankr. S.D.N.Y. 2014) .................. 8

Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara ("Pertamina I"), 313 F.3d 70, 86 (2d Cir. 2002) ..................................................................... 8

Karr v. Black, 55 A.D.3d 82, 86, 863 N.Y.S.2d 26 (1st Dept 2008), lv denied 11 N.Y.3d 712, 900 N.E.2d 557, 872 N.Y.S.2d 74 (2008) ................................................................................ 5

Key Lease Corp. v. Manufacturers Hanover Trust Co., 117 A.D.2d 560, 561-62, 499 N.Y.S.2d 66, 68 (1st Dep't 1986) ................................................................................................ 7

Ladjevardian v. Republic of Argentina, No. 06-cv-3276 (TPG), 2016 U.S. Dist. LEXIS 69348 (S.D.N.Y. May 26, 2016) ................................................................................................ 10

Major League Baseball Props. Inc. v. Corp. de TV, No. 19 Civ. 8869 (MKV) (GWG), 2023 U.S. Dist. LEXIS 13226, at *4 (S.D.N.Y. Jan. 26, 2023), adopted, 2023 U.S. Dist. LEXIS 50729 (S.D.N.Y. Mar. 24, 2023) ............................................................................... 4, 5, 6, 9

Miller v. City of Ithaca, No. 10-cv-00597 (BKS) (DEP), 2019 U.S. Dist. LEXIS 100863 (N.D.N.Y. June 17, 2019) ................................................................................................ 8, 9, 10

Mitchell v. Garrison Protective Servs., 819 F.3d 636, 638 (2d Cir. 2016) ...................................... 4

Petroholding Dominicana, Ltd. v. Gordon, 2019 U.S. Dist. LEXIS 92421 (S.D.N.Y. June 3, 2019) ................................................................................................ 6

Swezey v. Lynch, 87 A.D.3d 119, 926 N.Y.S.2d 415, 419 (App. Div. 2011) ................................ 8

Teamsters Local 456 Pension, Health & Welfare, Annuity, Educ. & Training, Indus. Advancement & Legal Servs. Funds v. CRL Transp., Inc., No. 18-CV-2056 (KMK), 2020 U.S. Dist. LEXIS 116669 (S.D.N.Y. July 2, 2020) ............................................................... 4, 6

Trustees of the Pavers and Road Builders District Council Welfare, Pension, and Annuity Funds v. Cape Mount Heavy Construction & Associates, LLC, No. 22-cv-5050 (KAM) (JRC) (E.D.N.Y. May 29, 2024) ................................................................................................ 10, 11

Woori Bank v. Merrill Lynch, 923 F. Supp. 2d 491, 494 (S.D.N.Y.), aff'd 542 F. App'x 81 (2d Cir. 2013) ................................................................................................ 6

**Statutes**
29 U.S.C. §§ 1001, et seq. ................................................................................................ 1
29 U.S.C. §§ 141 et seq., ................................................................................................ 1
CPLR § 5222(b) ................................................................................................ 9
Fed. R. Civ. P. 56(a) ................................................................................................ 5
Fed. R. Civ. P. 69 ................................................................................................ 1, 2, 4
N.Y. C.P.L.R. § 5222 ................................................................................................ 3
N.Y. C.P.L.R. § 5224 ................................................................................................ 3
N.Y. C.P.L.R. § 5225(b) ................................................................................................ passim
N.Y. C.P.L.R. §§ 5201-53 ................................................................................................ 4
N.Y. Lien L. § 70 ................................................................................................ 1

## PRELIMINARY STATEMENT

Plaintiffs submit this Memorandum of Law in support of its Motion for a Turnover Order pursuant to Fed. R. Civ. P. 69 and Section 5225(b) of the Civil Practice Law and Rules ("CPLR"), compelling Orange Bank and Trust Company ("Orange Bank" or "Garnishee") to turn over certain funds that at all times material to this motion, were in its possession and in which Defendant-Judgment Debtor Casabella Landscaping, Inc. ("Casabella Landscaping," "Judgment Debtor," or "Defendant") has an interest. Plaintiffs include Stephen Reich, in his fiduciary capacity as a Trustee for the Laborers Local 754 Welfare Fund, Pension Fund, Savings Fund, Annuity Fund, Industry Advancement Fund, NY Health and Safety Fund of North America, NYS LECET Fund, NYSLPA Fund, Laborers' Training Fund, 754 Labor Management Committee, and 754/Contractors Organizing & Development Fund (collectively, the "Funds"), and as the Business Manager of the Laborers Local Union 754 ("LOCAL 754"). Plaintiffs filed a lawsuit against Defendants Casabella Contracting of NY, Inc. ("Casabella Contracting"), a signatory to LOCAL 754's collective bargaining agreement, Casabella Landscaping, Inc., Hudson Insurance Co. a/k/a Hudson Insurance Group ("Hudson"), Doe General Contractor, and Doe Surety Company for a violation of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, et seq., the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §§ 141 et seq., the New York Lien Law, N.Y. Lien L. § 70, and common law to enforce their rights under LOCAL 754's collective bargaining agreement and the law. See ECF No. 1. The claims against Casabella Contracting were severed from the case and stayed pending the bankruptcy of Casabella Contracting. See ECF No. 60. The claims against Casabella Landscaping and Hudson continued through to judgment and settlement respectively. See 4/21/23 Docket Entry; ECF No. 103.

Plaintiffs obtained a default judgment against Casabella Landscaping in this action in the total amount of $252,695.58 (the "Judgment"). See ECF No. 103. Plaintiffs have not recovered any portion of the Judgment. Through post-judgment discovery and enforcement efforts, Plaintiffs have identified assets of Casabella Landscaping, namely, $7,122.78 in bank accounts maintained by Casabella Landscaping that are currently in the possession or custody of Garnishee Orange Bank. Plaintiffs now move for a turnover order to compel Orange Bank to turn over to Plaintiffs all assets of Casabella Landscaping in its possession or custody to enforce the Judgment.

This Court should grant Plaintiffs' Motion for a Turnover Order pursuant to CPLR § 5225(b) and Fed. R. Civ. P. 69 because Casabella Landscaping, as the judgment debtor, has an interest in, and is entitled to the possession of the assets being held by Garnishee Orange Bank. In the alternative, Plaintiffs' rights to the funds are superior to those of Orange Bank and Casabella Landscaping. Additionally, it is appropriate for this Court to enter such an order since this Court may exercise personal jurisdiction over Orange Bank. Therefore, Plaintiffs respectfully request that the Court order Orange Bank to turn over to Plaintiffs the sum of $7,122.78, representing the monies contained in Casabella Landscaping's accounts.

**STATEMENT OF FACTS**

On August 29, 2023, this Court entered a default judgment (the "Judgment") against Defendant Casabella Landscaping and in favor of Plaintiffs in the amount of $252,695.58. Decl. Katherine M. Morgan, Esq. in Supp. Pls' Mot. Turnover Order (hereinafter "Morgan Decl."), ¶ 18; Ex. A.

Through information obtained during the course of this litigation and Plaintiffs' enforcement efforts, Plaintiffs identified Orange Bank as an entity with information concerning Casabella Landscaping. Morgan Decl., ¶ 23. Orange Bank is a New York state-chartered trust

company headquartered in Middletown, New York that operates 17 offices exclusively in this state, including in Orange, Westchester, Rockland, and Bronx Counties. Id., ¶¶ 29-30, Ex E.

On October 27, 2023, Plaintiffs served Orange Bank a restraining notice and information subpoena pursuant to CPLR §§ 5222, 5224 (the "Restraining Notice and Info Subpoena") seeking information concerning any assets of Casabella Landscaping within its possession or custody. Id., ¶ 23; see Ex. C. In its November 2, 2023 response to the Restraining Notice and Info Subpoena (the "Response"), Orange Bank stated that it is holding funds totaling $7,122.78 in three accounts maintained by Casabella Landscaping. Morgan Decl., ¶ 24-25, Ex. D, p. 2. Orange Bank also identified one additional active account containing $0.00 and one closed account maintained by Casabella Landscaping. Id. Orange Bank declared in its Response that these assets were not subject to any liens, attachments or other encumbrances. See Ex. D, pgs. 3-4. Accordingly, pursuant to the restraining notice and CPLR § 5222(b), Garnishee Orange Bank is on notice that it "is forbidden to make or suffer any sale, assignment, or transfer of, or any interference with," the $7,122.78 in which Casabella Landscaping, as Judgment Debtor, has an interest (the "Restrained Funds"). See Morgan Decl., ¶¶ 25-26; Ex. D. Plaintiffs have not recovered any portion of the Judgment. See Morgan Decl., ¶ 19. To date, there is an amount of $252,695.58 outstanding on the Judgment. Id., ¶ 20.

Plaintiffs now respectfully submit this motion for a turnover order, compelling Orange Bank to turn over the sum of $7,122.78 that is being held in the three bank accounts maintained by Casabella Landscaping at the Dolson Avenue branch.

## ARGUMENT

Given Casabella Landscaping's failure to satisfy the judgment rendered against it, this Court should grant Plaintiffs' Motion for a Turnover Order. Rule 69 of the Federal Rules of

Civil Procedure governs the enforcement of a money judgement in federal court. "Rule 69(a)(1) provides, in relevant part, that the 'procedure on execution' in federal court upon a money judgment 'must accord with the procedure of the state where the court is located.'" Mitchell v. Garrison Protective Servs., 819 F.3d 636, 638 (2d Cir. 2016) (quoting Fed. R. Civ. P. 69(a)(1)). Accordingly, this motion is governed by the procedures set forth in New York's Civil Practice Law and Rules.

"Article 52 of New York's Civil Practice Law and Rules ("CPLR") governs the enforcement and collection of money judgments in New York." Teamsters Local 456 Pension, Health & Welfare, Annuity, Educ. & Training, Indus. Advancement & Legal Servs. Funds v. CRL Transp., Inc., No. 18-CV-2056 (KMK), 2020 U.S. Dist. LEXIS 116669, at *8 (S.D.N.Y. July 2, 2020) (citing N.Y. C.P.L.R. §§ 5201-53). CPLR § 5225(b) allows a judgment creditor to commence a "special proceeding" "to seek an order requiring that a nonparty turn over funds or property [in its possession or custody] in which the judgment debtor has an interest." N.Y. C.P.L.R. § 5225(b); Major League Baseball Props. Inc. v. Corp. de TV, No. 19 Civ. 8869 (MKV) (GWG), 2023 U.S. Dist. LEXIS 13226, at *4 (S.D.N.Y. Jan. 26, 2023), adopted, 2023 U.S. Dist. LEXIS 50729 (S.D.N.Y. Mar. 24, 2023). Fed. R. Civ. P. 69(a) renders CPLR § 5225(b) applicable in federal court. Id. (citing Alliance Bond Fund, Inc. v. Grupo Mexicano de Desarrollo, S.A., 190 F.3d 16, 20-21 (2d Cir. 1999) (applying § 5225(b) pursuant to Rule 69(a)); HBE Leasing Corp. v. Frank, 48 F.3d 623, 633 (2d Cir. 1995) (section 5225(b) is made 'applicable in the District Court via Fed. R. Civ. P. 69(a)"); Deflora Lake Dev. Assocs. v. Hyde Park, 2016 U.S. Dist. LEXIS 193862, 2016 WL 7839191, at *1 (S.D.N.Y. June 9, 2016) (applying § 5225 as a whole pursuant to Rule 69(a)). However, because, "there is no such thing as a 'special proceeding' in federal court," Mitchell, 819 F.3d at 640, "a party seeking a money judgment against a non-party garnishee

may proceed by motion and need not commence a special proceeding, as long as the court has personal jurisdiction over the garnishee." Major League Baseball Props. Inc., 2023 U.S. Dist. LEXIS 13226, at *5 (quoting CSX Transp., Inc. v. Island Rail Terminal, Inc., 879 F.3d 462, 469 (2d Cir. 2018)).

In determining whether to grant a Rule 69(a) motion for a turnover proceeding pursuant to CPLR § 5225(b), courts apply the same standard as that of a motion for summary judgment. See id. at *7 ("A motion under Rule 69(a) is treated like a summary judgment motion") (quoting Axginc Corp. v. Plaza Automall Ltd., 2021 U.S. Dist. LEXIS 51498, 2021 WL 1030228, at *7 (E.D.N.Y. Mar. 2, 2021), adopted, 2021 U.S. Dist. LEXIS 50744, 2021 WL 1026497 (E.D.N.Y. Mar. 17, 2021)). Summary judgment is granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Accordingly, on a Rule 69(a) motion, "a court may grant summary relief where there are no questions of fact[.]" HBE Leasing Corp., 48 F.3d at 633 (citations omitted). The court must "decide the matter 'upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised.'" Gonzalez v. City of New York, 127 A.D.3d 632, 8 N.Y.S.3d 290, 291 (1st Dep't 2015) (quoting Karr v. Black, 55 A.D.3d 82, 86, 863 N.Y.S.2d 26 (1st Dept 2008), lv denied 11 N.Y.3d 712, 900 N.E.2d 557, 872 N.Y.S.2d 74 (2008)).  This Court has personal jurisdiction over Garnishee Orange Bank. Accordingly, this Court should grant Plaintiffs' Motion for a Turnover Order because Casabella Landscaping, as Judgment Debtor, has an interest in, and is entitled to the possession of the funds held by Orange Bank.

I.  **PLAINTIFFS ARE PERMITTED TO SEEK A TURNOVER ORDER AGAINST GARNISHEE ORANGE BANK VIA MOTION BECAUSE THIS COURT HAS PERSONAL JURISDICTION OVER ORANGE BANK**

A judgment creditor may seek to recover a money judgment from a non-party garnishee by motion so long as the court has personal jurisdiction over the garnishee. Major League Baseball Props. Inc., 2023 U.S. Dist. LEXIS 13226, at *5. This Court has personal jurisdiction over entities domiciled in New York, including companies residing in the State of New York. See Advanced Video Techs. LLC v. HTC Corp., No. 11 Civ. 06604 (CM), 2019 U.S. Dist. LEXIS 138394, at *31-32 (S.D.N.Y. Aug 12, 2019) (finding that the Court has personal jurisdiction over a New York corporation and New York limited liability company residing in New York because they are domiciled in New York); Teamsters Local 456, 2020 U.S. Dist. LEXIS 116669, at *24 n.5 (finding that S.D.N.Y. has personal jurisdiction over a New York corporation); see also Brown v. Lockheed Martin Corp., 814 F.3d 619, 622 n.1 (2d Cir. 2016) ("A state has such general jurisdiction over its residents"). "Courts within the Second Circuit have consistently held that a business entity's residence is determined by its principal place of business." (Petroholding Dominicana, Ltd. v. Gordon, 2019 U.S. Dist. LEXIS 92421, at *15 (S.D.N.Y. June 3, 2019) (quoting Woori Bank v. Merrill Lynch, 923 F. Supp. 2d 491, 494 (S.D.N.Y.), aff'd 542 F. App'x 81 (2d Cir. 2013) (summary order). Here, this Court has personal jurisdiction over Garnishee Orange Bank because it is a New York state-chartered trust company residing in New York. Morgan Decl. ¶ 29-31; Ex. E. Orange Bank is headquartered in Middletown, New York and it operates its 17 offices exclusively in New York State. Morgan Decl., ¶ 30. Thus, this Court has personal jurisdiction over Garnishee Orange Bank, and Plaintiffs, as the judgment creditor, are permitted to seek a turnover order against Orange Bank by motion.

## II. THIS COURT SHOULD ISSUE A TURNOVER ORDER COMPELLING ORANGE BANK TO RELEASE THE FUNDS TO PLAINTIFFS BECAUSE CASABELLA LANDSCAPING, AS THE JUDGMENT DEBTOR, HAS AN INTEREST IN, AND IS ENTITLED TO THE POSSESSION OF SUCH FUNDS

To prevail on a motion for a turnover order pursuant to CPLR § 5225(b), a judgment creditor must show that: (1) "the judgment debtor 'has an interest' in the property the creditor seeks to reach[,]" and (2) either "that the judgment debtor 'is entitled to the possession of such property,'" or "that 'the judgment creditor's rights to the property are superior' to those of the party in whose possession it is." Beauvais v. Allegiance Secur., Inc., 942 F.2d 838, 840 (2d Cir. 1991) (quoting N.Y. C.P.L.R. § 5225(b)). This is a two-step analysis, and the judgment creditor must demonstrate both steps before the Court may order the garnishee to turn over the property. Id. (citing Key Lease Corp. v. Manufacturers Hanover Trust Co., 117 A.D.2d 560, 561-62, 499 N.Y.S.2d 66, 68 (1st Dep't 1986)); see Axginc Corp. Formerly Known as Axis Grp. V. Plaza Automall, Ltd., 2022 U.S. Dist. LEXIS 90477 at *24 (E.D.N.Y. Feb. 20, 2022), adopted sub nom, Axginc Corp. v. Plaza Automall, Ltd., 2022 U.S. Dist. LEXIS 90431 (E.D.N.Y. May 19, 2022) ("Plaintiff has the burden of proof as to both steps of a Section 5225(b) analysis). Here, Casabella Landscaping, as Judgment Debtor, is the owner of the restrained accounts and therefore has an interest in the funds within them. Additionally, Casabella Landscaping is entitled to the possession of the funds because there is no prior encumbrance on the funds.

### A. The Judgment Debtor, Casabella Landscaping, has an Interest in the Funds

As to the first prong, "[a] debtor obviously has an interest in its own money or property held by a third party." Beauvais, 942 F.2d at 841. "Under New York law, '[w]hen a party holds funds in a bank account, possession is established, and the presumption of ownership follows.'" Axginc Corp. Formerly Known as Axis Grp., 2022 U.S. Dist. LEXIS 90477, at *27 (quoting Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara

("Pertamina I"), 313 F.3d 70, 86 (2d Cir. 2002)); see In re Suntech Power Holdings Co., Ltd., 520 B.R. 399, 411 (Bankr. S.D.N.Y. 2014) (holding that a bank account's titleholder "is its presumptive owner").

Here, Judgment Debtor Casabella Landscaping has an interest in the $7,122.78 that Plaintiffs seek to collect. In its November 2, 2023 Response, Orange Bank identified five accounts for which Casabella Landscaping is the titleholder containing amounts totaling $7,122.78. See Morgan Decl., ¶ 25, Ex. D. As such, Casabella Landscaping is the presumptive owner of the funds contained in the accounts, and neither Casabella Landscaping nor Orange Bank has rebutted this presumption of ownership. Thus, Casabella Landscaping has an interest in these funds and the first prong of the analysis is met.

**B.    The Judgment Debtor is Entitled to Possession of the Funds**

For the entitled to possession prong to be met, "the [judgment debtor] must be able to retrieve the disputed assets back from [the garnishee]." D.C.A. Grantor Tr. v. Republic of Argentina, 616 F. App'x 30, 32 (2d Cir. 2015) (citing Swezey v. Lynch, 87 A.D.3d 119, 926 N.Y.S.2d 415, 419 (App. Div. 2011) ("The judgment creditor stands in the shoes of the judgment debtor, and if a given property, asset, interest, or deposit is unavailable to the debtor, it is unavailable to the creditor.")). Generally, the owner of a bank account can retrieve the funds within it unless such funds are the subject of a prior lien or other prior encumbrance. See Commodities & Minerals Enter. v. CVG Ferrominera Orinoco, C.A., 423 F. Supp. 3d 45, 51 (S.D.N.Y. 2019) ("The first part of the second prong is satisfied because as the owner of the [bank] account, [Judgment Debtor] 'is entitled to the possession' of the funds within it."); Miller v. City of Ithaca, No. 10-cv-00597 (BKS) (DEP), 2019 U.S. Dist. LEXIS 100863, at *3 (N.D.N.Y. June 17, 2019) ("[I]f there is a 'prior lien on the funds,' the judgment debtor may not be entitled to possession of

the funds." (quoting Beauvais, 942 F.2d at 841)); D.C.A. Grantor Tr., 616 F. App'x at 32 (holding that judgment debtor was not "entitled to the possession" of funds that were frozen to enforce a prior injunction because the debtor was barred from getting the funds back from the garnishee); Dussault v. Republic of Argentina, 616 F. App'x 26, 27-28 (2d Cir. 2015) (same). However, a restraining notice served on a garnishee to set aside funds for satisfaction of the judgment does not preclude satisfaction of the entitled to possession prong. See Major League Baseball Props., Inc. v. Corp. de TV, No. 1:19-cv-8669-MKV-GWG, 2023 U.S. Dist. LEXIS 50729, at *3 (S.D.N.Y. Mar. 24, 2023) (finding that the judgment debtor had actual control over and therefore was entitled to the possession of the restrained funds); Fabric Selection v. A & T Trading US, Inc., No. 20-mc-864, 2021 U.S. Dist. LEXIS 23939, at *17 (E.D.N.Y. Feb. 5, 2021), adopted, 2021 U.S. Dist. LEXIS 40359 (E.D.N.Y. Mar. 3, 2021) (holding that the entitled to possession prong was satisfied where judgment debtor was the owner of the accounts holding the restrained funds). Rather, a garnishee who sets aside funds belonging to a judgment debtor pursuant to a restraining notice "must recognize that [the judgment debtor] would be entitled to possession of the funds. . . ." Miller, 2019 U.S. Dist. LEXIS 100863, at *6 (holding Plaintiff satisfied the second step of the inquiry because garnishee set aside funds for the satisfaction of the judgment and there was no prior lien on the funds).

       Here, Casabella Landscaping is entitled to the Restrained Monies held by Garnishee Orange Bank because there is no prior encumbrance on the funds. As evidenced by its Response to the Restraining Notice and Info Subpoena, Orange Bank was on notice that the $7,122.78 it held in accounts maintained by Casabella Landscaping must be set aside pursuant to CPLR § 5222(b). See Morgan Decl., ¶ 23; Exs. C & D. Additionally, Orange Bank affirmed that there are no liens, attachments or other encumbrances on the funds. See Morgan Decl., Ex. D, pgs. 3-4. Since the

restraining notice does not preclude Plaintiff from satisfying the entitled to possession step of the inquiry, Plaintiffs have shown that Casabella Landscaping is entitled to the possession of the funds. See Miller, 2019 U.S. Dist. LEXIS 100863, at *6 ("[B]ecause [Garnishee] set the funds aside for satisfaction of the judgments, [Garnishee] must recognize that [Defendant] would be entitled to possession of the funds but for the restraining notice." There is no contention of "a prior lien on the funds" held by [Garnishee]. Thus, Plaintiff has satisfied the second step of the inquiry[.]").

  C. **In the Alternative, if Casabella Landscaping is not Entitled to the Possession of the Funds, Plaintiffs' Rights to the Funds, as Judgment Creditor, are Superior to the Rights of Garnishee Orange Bank and Defendant Casabella Landscaping**

    Plaintiffs, as the judgment creditor, may satisfy the second prong of the § 5225(b) analysis by showing that their "rights to the [funds] are superior to those of the party in whose possession it is." Beauvais, 942 F.2d at 840 (internal quotations omitted); N.Y. C.P.L.R. § 5225(b). "New York law assesses superiority of rights 'based on legal interest in the property.'" Ladjevardian v. Republic of Argentina, No. 06-cv-3276 (TPG), 2016 U.S. Dist. LEXIS 69348, at *12 (S.D.N.Y. May 26, 2016) (quoting Dussault, 616 F. App'x at 28). Where a garnishee has no legal interest or right to the funds in a debtor's account, a plaintiff with a valid unsatisfied judgment against a debtor may establish superior rights to the funds. See Fabric Selection v. A & T Trading US, Inc., 2021 U.S. Dist. LEXIS 23939, at *17, n.2 (E.D.N.Y. Feb. 5, 2021) (finding that plaintiff had superior rights to the funds held in judgment debtor's accounts because "Plaintiff obtained a valid judgment against Judgment Debtor, which the Judgment Debtor has failed to pay," and "[Garnishee] has no legal interest or right to Judgment Debtor's accounts or the funds held within those accounts"); Trs. of the Pavers v. Cape Mount Heavy Const., No. 22-cv-5050 (KAM) (JRC), slip op. at 13 (E.D.N.Y. May 29, 2024) (holding that Plaintiffs' rights to the funds are superior to that of the garnishee where Plaintiffs had a valid judgment against Defendants that had not been

satisfied and the garnishee did not claim to have a superior claim to the funds or identify any other liens or encumbrances on the funds); see also Gill v. Am. Elite Recovery, LLC, No. 1:19-cv-01058, 2022 U.S. Dist. LEXIS 5696, at *9 (W.D.N.Y. Jan. 10, 2022) ("Plaintiffs have established a 'superior right' to the funds in question by citing to the default judgment . . . which [Defendant] failed to satisfy. . . ."). Here, Plaintiffs' rights to the funds are superior to those of Orange Bank and Casabella Landscaping because Plaintiffs have a valid judgment against Casabella Landscaping in the amount of $252,695.58, which has yet to be satisfied, and Orange Bank does not assert a claim to the funds. See Morgan Decl. ¶ 18. Ex. A; Ex. D. Furthermore, Orange Bank identifies no other liens or encumbrances on the funds. See Ex. D to the Morgan Decl, pgs. 3-4. Thus, Plaintiffs' rights to the funds are superior to those of Garnishee Orange Bank and Defendant Casabella Landscaping so the second step of the § 5225(b) inquiry is satisfied. See Trs of the Pavers, No. 22-cv-5050, slip op. at 13 (memorandum and order granting turnover order).

   Given Casabella Landscaping's failure to satisfy the judgment rendered against it, this Court should grant Plaintiffs' Motion for a Turnover Order. It is appropriate for this Court to enter such an order on Plaintiffs' motion since this Court may exercise personal jurisdiction over Orange Bank. Additionally, Casabella Landscaping, as the judgment debtor, has an interest in, and is entitled to the possession of the assets being held by Garnishee Orange Bank and Plaintiffs' rights to the funds are superior to those of Orange Bank and Casabella Landscaping.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court issue an order compelling Garnishee Orange Bank to turn over to Plaintiffs the monies held in the bank accounts maintained by Casabella Landscaping, totaling $7,122.78.

Dated: New York, New York
      August 23, 2024

                                      Respectfully Submitted,

                                      /s/ Katherine M. Morgan
                                      Katherine M. Morgan
                                      HOLM & O'HARA LLP
                                      *Attorneys for Plaintiffs*
                                      3 West 35th St, 9th Floor
                                      New York, NY 10001
                                      (212) 682-2280
                                      k.morgan@hohlaw.com

*Index No.*   **CV- 9327**   *Year*  **2021**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**STEPHEN REICH, in his fiduciary capacity as a Trustee for the LABORERS LOCAL 754 WELFARE FUND, PENSION FUND, SAVINGS FUND, ANNUITY FUND, INDUSTRY ADVANCEMENT FUND, NY HEALTH AND SAFETY FUND OF NORTH AMERICA, NYS LECET FUND, NYSLPA FUND, LABORERS' TRAINING FUND, 754 LABOR MANAGEMENT COMMITTEE, 754/CONTRACTORS ORGANIZING & DEVELOPMENT FUND; and STEPHEN REICH as the Business Manager of the LABORERS LOCAL UNION 754,**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Plaintiffs,**

　　　　　　　　　　　　　　　- against –

**CASABELLA LANDSCAPING, INC.,**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Defendants.**

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR TURNOVER ORDER**

---

**HOLM & O'HARA LLP**

*Attorneys for:*　　　　　　　　　　**Plaintiff(s)**

**3 West 35th Street, 9th Floor**
**New York, NY 10001**

---