UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| STEPHEN REICH, *in his fiduciary capacity as a Trustee for the Laborers Local 754 Welfare Fund, Pension Fund, Savings Fund, Annuity Fund, Industry Advancement Fund, NY Heath and Safety Fund of North America, NYS Lecet Fund, NYSLPA Fund, Laborers' Training Fund, 754 Labor Management Committee, and 754/Contractors Organizing & Development Fund, et al.*, | **DECISION AND ORDER**<br><br>21 Civ. 9327 (AEK) |
| Plaintiffs, | |
| -against- | |
| CASABELLA LANDSCAPING, INC., *et al.*, | |
| Defendants. | |

-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

On August 29, 2023, a default judgment was entered against Defendant Casabella Landscaping, Inc. ("Casabella Landscaping"), pursuant to which Plaintiffs were awarded damages in the total amount of $252,695.58. ECF No. 103 ("Judgment"). Currently before the Court is Plaintiffs' motion for a turnover order pursuant to Rule 69(a) of the Federal Rules of Civil Procedure and Section 5225 of the New York Civil Practice Law and Rules ("CPLR") against non-party garnishee Orange Bank and Trust Company ("Orange Bank"). ECF No. 105. Plaintiffs seek to have Orange Bank turn over all monies in its possession in which Casabella Landscaping has an interest, to be applied toward payment of the $252,695.58 judgment balance. For the reasons that follow, the motion is GRANTED.

## BACKGROUND

Plaintiffs commenced this action on November 11, 2021, asserting claims against Casabella Contracting of NY, Inc. ("Casabella Contracting"), a signatory to Laborers Local Union 754's collective bargaining agreement, Casabella Landscaping, Doe General Contractor, and Doe Surety Company pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.*, the Labor Management Relations Act of 1974, 29 U.S.C. § 141, *et seq.*, the New York Lien Law, N.Y. Lien Law § 70, and common law.  ECF No. 1.  Plaintiff filed an amended complaint on February 1, 2022, and a second amended complaint on April 28, 2022, both of which included Hudson Insurance Company a/k/a Hudson Insurance Group ("Hudson") as a defendant.  ECF Nos. 22, 36.

On September 15, 2022, due to Casabella Contracting's bankruptcy filing, *see* ECF No. 38, and the resulting automatic stay of the action as against Casabella Contracting pursuant to 11 U.S.C. § 362(a), the Court ordered that Plaintiffs' claims against Casabella Contracting, Doe General Contractor, and Doe Surety Company be severed from the instant action.  ECF No. 60.  As a result, the claims against Casabella Contracting, Doe General Contractor, and Doe Surety Company were reassigned to a new case (which was subsequently opened as case number 22 Civ. 7915), while the claims against Casabella Landscaping and Hudson remained under case number 21 Civ. 9327.  *Id.*

Counsel for Casabella Landscaping filed a motion to withdraw on October 12, 2022, which was denied by the Court on November 9, 2022.  ECF Nos. 62-65, 68-69.  Counsel filed a subsequent motion to withdraw on March 20, 2023, which the Court granted.  ECF Nos. 76-79, 82.  Casabella Landscaping was ordered to either retain new counsel or seek an extension of time in which to do so by June 1, 2023.  ECF No. 82.  After conducting a conference on June 8, 2023,

at which neither an attorney nor a corporate representative appeared on behalf of Casabella Landscaping, the Court issued an order allowing Plaintiffs to seek an entry of default judgment against Casabella Landscaping by filing an Order to Show Cause by July 11, 2023. ECF No. 84.

Plaintiffs filed their Proposed Order to Show Cause for a Default Judgment on July 11, 2023, ECF Nos. 85-88, and after one adjournment, the show cause hearing was held on August 18, 2023. ECF Nos. 90-92. Casabella Landscaping failed to appear at the August 18, 2023 hearing, and the Court entered a default and granted Plaintiffs' motion for entry of default judgment on the record. Docket Sheet, Minute Entry dated 8/18/2023. After Plaintiffs filed further submissions at the Court's direction, ECF Nos. 99-101, the Court issued the Judgment against Casabella Landscaping in the amount of $252,695.58 on August 29, 2023.[1] To date, Plaintiffs have not recovered any portion of the Judgment. ECF No. 106 (Declaration of Katherine M. Morgan, Esq., dated Aug. 23, 2024 ("Morgan Decl.")) ¶ 19.

To Plaintiffs' knowledge, Casabella Landscaping still exists and is still in business. *Id.* ¶ 22. Based on information obtained during the litigation, Plaintiffs believed that Casabella Landscaping maintained a banking relationship with Orange Bank. *Id.* ¶ 23. On October 27, 2023, Plaintiffs served on Orange Bank a restraining notice and information subpoena pursuant to CPLR §§ 5222, 5224. *Id.* & Ex. C ("Restraining Notice and Subpoena"). On November 2, 2023, Orange Bank responded to the Restraining Notice and Subpoena, stating that it held funds in the total amount of $7,122.38 in three accounts maintained by Casabella Landscaping at the

---

[1] On August 28, 2023, the Court so ordered a stipulation of partial dismissal, dismissing the action as against Hudson. ECF No. 102.

Dolson Avenue branch of Orange Bank.  *See id.* ¶¶ 24-25 & Ex. D ("Subpoena Response").[2] Orange Bank also identified one active account containing $0.00 and one closed account maintained by Casabella Landscaping.  *Id.* ¶ 25 & Subpoena Response at p. 2.  Because Plaintiffs served the Restraining Notice, CPLR § 5222(b) forbids Orange Bank "to make or suffer any sale, assignment or transfer of, or any interference with" the monies in which Casabella Landscaping has an interest; accordingly, Plaintiffs have restrained the funds in the accounts identified by Orange Bank.  *Id.* ¶¶ 26-27.

Plaintiffs filed the instant motion on August 23, 2024.  ECF Nos. 105-107.  Because they failed to file proof of service on the docket, however, it was unclear whether the motion had been properly served on Orange Bank and Casabella Landscaping, and the Court therefore ordered Plaintiffs "either to serve the motion papers and file proof of service or, if service has already been made, file proof of such service."  ECF No. 108.  Plaintiffs thereafter effected service on Orange Bank and Casabella Landscaping and filed proof of such service.  ECF Nos. 109-111. Neither Orange Bank nor Casabella Landscaping has filed anything in response to Plaintiffs' motion.

## DISCUSSION

### I. Applicable Legal Standards

"Federal courts have the authority to enforce their judgments, and retain jurisdiction over supplementary proceedings to do so."  *Teamsters Loc. 456 Pension, Health & Welfare, Annuity, Educ. & Training, Indus. Advancement & Legal Servs. Funds v. CRL Transp., Inc.*, No. 18-cv-2056 (KMK), 2020 WL 3619048, at *3 (S.D.N.Y. July 2, 2020) ("*Teamsters Loc. 456*").  "Rule

---

[2] While Plaintiffs state that the total amount in the three accounts is $7,122.78, the Court reads the handwritten entries in the Subpoena Response as totaling $7,122.38 ($7,018.27 + $3.70 + $100.41).  *See* Subpoena Response at p. 2.

69(a)(1) [of the Federal Rules of Civil Procedure] provides, in relevant part, that the 'procedure on execution' in federal court upon a money judgment 'must accord with the procedure of the state where the court is located.'" *Mitchell v. Garrison Protective Servs., Inc.*, 819 F.3d 636, 638 (2d Cir. 2016) (*per curiam*). "Article 52 of [the CPLR] governs the enforcement and collection of money judgments in New York." *Teamsters Loc. 456*, 2020 WL 3619048, at *3.

"Where property is not in possession of a judgment debtor, CPLR § 5225(b) allows a judgment creditor to commence a special proceeding to order a third party to turn over the judgment debtor's assets." *Id.* (cleaned up); *see* CPLR § 5225(b) ("Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest . . . where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor . . . ."). Rule 69(a) makes CPLR § 5225(b) applicable in federal court. *Major League Baseball Props., Inc. v. Corp. de Television y Microonda Rafa, S.A.*, No. 19-cv-8669 (MKV) (GWG), 2023 WL 405768, at *2 (S.D.N.Y. Jan. 26, 2023), *adopted by* 2023 WL 2625794 (S.D.N.Y. Mar. 24, 2023). "[A] party seeking a money judgment against a non-party garnishee may proceed by motion and need not commence a special proceeding, as long as the court has personal jurisdiction over the garnishee." *CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 469 (2d Cir. 2018).

The Second Circuit has explained that CPLR § 5225(b)

> provides for a two-step analysis in determining whether property belonging to a judgment debtor—but in the possession of a third party— should be turned over to a judgment creditor. First, it must be shown that the judgment debtor "has an interest" in the property the creditor seeks to

> reach.  Where this first step is satisfied, the trial court must, second, then make one of two findings: it must find either that the judgment debtor is "entitled to the possession of such property," *or* it must find that "the judgment creditor's rights to the property are superior" to those of the party in whose possession it is.  Only after both steps of the analysis are demonstrated may the trial court order the transferee to turn over the property to the judgment creditor . . . .

*Beauvais v. Allegiance Secs., Inc.*, 942 F.2d 838, 840-41 (2d Cir. 1991) (emphasis in original).  A proceeding pursuant to Rule 69(a) and CPLR § 5225(b) "is like that of a summary judgment motion."  *Deflora Lake Dev. Assocs., Inc. v. Hyde Park*, No. 13-cv-4811 (CS), 2016 WL 7839191, at *2 (S.D.N.Y. June 9, 2016), *aff'd*, 689 F. App'x 93 (2d Cir. May 3, 2017) (summary order); *see also Major League Baseball Props., Inc.*, 2023 WL 405768, at *3 ("A motion under Rule 69(a) is treated like a summary judgment motion.") (cleaned up).  Accordingly, "[a] court may grant summary relief where there are no questions of fact . . . ."  *CSX Transp., Inc.*, 879 F.3d at 473 (quotation marks omitted).

## II. Analysis

### A. Personal Jurisdiction Over Orange Bank

As noted above, a party may proceed by way of a Rule 69(a) motion against a non-party garnishee "as long as the court has personal jurisdiction over the garnishee."  *CSX Transp., Inc.*, 879 F.3d at 469.  "A corporation is subject to the general personal jurisdiction of the courts in the states of its incorporation and its principal place of business."  *In re Petrobras Secs. Litig.*, 393 F. Supp. 3d 376, 382 (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137-38 (2014)); *see Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) (typically, "a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business").  Orange Bank is a New York state-chartered trust company with all of its banking locations in New York; it is a subsidiary of Orange County Bancorp, Inc., a corporation with its

principal place of business in New York.  *See* Morgan Decl. Ex. E (principal executive offices of Orange County Bancorp, Inc. are in Middletown, New York); *id.* ¶¶ 29-31; https://www.orangebanktrust.com/about-us/locations/ [https://perma.cc/GCF2-D6GN] (last visited Dec. 2, 2024); https://www.reuters.com/markets/companies/OBT.A/profile [https://perma.cc/WRU6-NXSH] (last visited Dec. 2, 2024).  Accordingly, it is clear that Orange Bank is subject to general personal jurisdiction in courts in New York.

In addition, the Court has personal jurisdiction over Orange Bank in this matter specifically since Plaintiffs effected proper service as ordered by the Court.  *See* ECF No. 108 (the turnover motion was to be served on Orange Bank in the same manner as a summons). Plaintiffs served Orange Bank by delivering the motion papers to "Daniel Brown, Business Banker," who is identified in the affidavit of service as the "General Agent."  *See* ECF No. 111. Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure allows for service on a corporation "by delivering a copy of the summons and of the complaint to an officer, [or] a managing or *general agent* . . . ."  Fed. R. Civ. P. 4(h)(1)(B) (emphasis added); *see Fabric Selection, Inc. v. A&T Trading US, Inc.*, No. 20-misc-864 (ARR) (VMS), 2021 WL 811371, at *5 (E.D.N.Y. Feb. 5, 2021) (finding that the plaintiff properly effected service on non-party garnishee bank by serving turnover motion papers on individual authorized to accept service at the bank branch), *adopted by* 2021 WL 810340 (E.D.N.Y. Mar. 3, 2021).[3]

---

[3] In addition, as the Court noted in its order at ECF No. 108, CPLR § 5225(b) states that "[n]otice of the proceeding shall also be served upon the judgment debtor in the same manner as a summons or by registered or certified mail, return receipt requested." N.Y. C.P.L.R. § 5225(b). Plaintiffs effected proper service of their motion papers on Casabella Landscaping by serving an authorized agent in the Office of the Secretary of State of the State of New York.  *See* ECF No. 109; *Fabric Selection, Inc.*, 2021 WL 811371, at *6 (service on corporation through New York Secretary of State is proper).

Accordingly, the Court proceeds to consider whether Plaintiffs are entitled to the issuance of a turnover order against Orange Bank.

### B.   Casabella Landscaping's Interest in the Orange Bank Accounts

The first requirement that must be satisfied for the issuance of a turnover order is that the judgment debtor (here, Casabella Landscaping) must have an interest in the property that the judgment creditors (here, Plaintiffs) seek to reach.  *Beauvais*, 942 F.2d at 840.  "A debtor obviously has an interest in its own money or property held by a third party . . . ."  *Id.* at 841; *see Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 423 F. Supp. 3d 45, 51 (S.D.N.Y. 2019) ("The first prong of N.Y. C.P.L.R. 5225(b) is satisfied because the property that [the plaintiff/creditor] is trying to reach is [the defendant/debtor's] [bank] account."); *Miller v. City of Ithaca*, No. 10-cv-597 (BKS) (DEP), 2019 WL 2502712, at *3 (N.D.N.Y. June 17, 2019) ("Since the funds in [the garnishee's] possession are the City of Ithaca's, Defendant[/Debtor] City of Ithaca necessarily has an interest in those funds, and the first step of the turnover inquiry is satisfied."); *see also Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 313 F.3d 70, 86 (2d Cir. 2002) ("When a party holds funds in a bank account, possession is established, and the presumption of ownership follows."[4]).  In its Subpoena Response, Orange Bank listed five accounts as to which Casabella Landscaping had an interest, three of which had money on deposit totaling $7,122.38.  *See id.* at p. 2.  The first requirement for a turnover order has therefore been satisfied.

---

[4] The presumption that Casabella Landscaping is the owner of the funds in the Orange Bank accounts has not been rebutted.

8

### C. Casabella Landscaping's Entitlement to Possession of the Funds or Plaintiffs' Superior Rights to the Funds

The second requirement for the issuance of a turnover order may be satisfied by showing either that (1) the judgment debtor is "entitled to the possession of such property," or (2) "the judgment creditor's rights to the property are superior" to those of the party in whose possession it is. *Beauvais*, 942 F.2d at 840. As the holder of the Orange Bank accounts, Casabella Landscaping is entitled to the possession of the funds within those accounts. *See Commodities & Mins. Enter. Ltd.*, 423 F. Supp. 3d at 51 ("The first part of the second prong is satisfied because as the owner of the [bank] account, [the defendant/debtor] 'is entitled to the possession' of the funds within it."). That Plaintiffs served a restraining notice on Orange Bank, directing it to set aside any funds in its possession or custody in which Casabella Landscaping has an interest for purposes of satisfying the Judgment, does not preclude a finding that Casabella Landscaping is entitled to the funds. *See Miller*, 2019 WL 2502712, at *3 ("[B]ecause [the garnishee] set the funds aside for satisfaction of the judgments, [the garnishee] must recognize that [the debtor] would be entitled to possession of the funds but for the restraining notice."). Moreover, there is no prior lien on the funds in the Orange Bank accounts that would block Casabella Landscaping's entitlement to the funds. *See* Subpoena Response at pp. 3-4; *Miller*, 2019 WL 2502712, at *2 ("[I]f there is a 'prior lien on the funds,' the judgment debtor may not be entitled to possession of the funds.").

In the alternative, Plaintiffs' rights to the funds in the Orange Bank accounts are superior to those of Orange Bank because Plaintiffs obtained a valid judgment against Casabella Landscaping, which Casabella Landscaping has failed to pay, and Orange Bank has no legal interest or right to Casabella Landscaping's accounts or the funds held within those accounts. *See Fabric Selection, Inc.*, 2021 WL 811371, at *6 n. 2. Moreover, Plaintiffs' rights to the funds

9

are superior to those of Casabella Landscaping because Plaintiffs "obtained a valid final judgment against [Casabella Landscaping] in an amount that exceeds the amount of funds in the" Orange Bank accounts, and Casabella Landscaping "has not made any effort to submit payment to" Plaintiffs. *Commodities & Mins. Enter. Ltd.*, 423 F. Supp. 3d at 51.

The second requirement for a turnover order has therefore also been satisfied.

\*   \*   \*   \*   \*   \*

In sum, Plaintiffs have demonstrated their entitlement to the issuance of a turnover order pursuant to CPLR § 5225(b).

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion for a turnover order pursuant to Rule 69(a) and CPLR § 5225(b) (ECF No. 105) is GRANTED.

Orange Bank is hereby ORDERED to turn over to Plaintiffs all of the funds of Casabella Landscaping that Orange Bank has in its possession or custody in any of the accounts in which Casabella Landscaping has an interest.

Dated:  December 3, 2024
        White Plains, New York

SO ORDERED.

_____
ANDREW E. KRAUSE
United States Magistrate Judge